UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   5:24-cv-00601-MCS (SK)                               Date: April 25, 2024

Title   Derrick Lamar Hairston v. M. Lopez et al.

Present: The Honorable:  Steve Kim, United States Magistrate Judge

|         Connie Chung         |         n/a         |
|:---:|:---:|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|:---:|:---:|
| None present | None present |

**Proceedings:**        (IN CHAMBERS) **SCREENING ORDER**[1]

Plaintiff is a California state prisoner who has filed suit under 42 U.S.C. § 1983 against two California correctional officers (in both their official and personal capacities) for allegedly violating his First, Eighth, and Fourteenth Amendment rights during certain prison disciplinary proceedings.  (ECF 1 at 3–4, 8-9).  Because plaintiff is proceeding in forma pauperis, however, the court must screen his § 1983 complaint to "identify cognizable claims" from those that are "frivolous or malicious," "fail[] to state a claim on which relief may be granted," or "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii), 1915A(a), (b)(1)–(2).  The court must also dismiss any case sua sponte if it lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h); *Fiedler v. Clark*, 714 F.2d 77, 78–79 (9th Cir. 1983).  By these standards, the complaint may be dismissed for any of the following reasons:

1.     Section 1983 confers no cause of action if plaintiff seeks to restore any time credits he may have lost because of the challenged disciplinary actions.  When attacking "the validity of the fact or length of . . . confinement," an inmate's sole judicial remedy is a petition for writ of habeas corpus.  *See Preiser v. Rodriguez*, 411 U.S. 475,

---

[1] This order is non-dispositive, so it is not immediately appealable.  *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *McKeever v. Block*, 932 F.2d 795, 799 (9th Cir. 1991).  If plaintiff believes this order is dispositive, he must object to the order within 14 days.  *See* Fed. R. Civ. P. 72(a), (b); L.R. 72-2.1; *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 & n.1 (9th Cir. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:24-cv-00601-MCS (SK)                                          Date: April 25, 2024

Title      Derrick Lamar Hairston v. M. Lopez et al.

487-90 (1973); *Martinez v. Asuncion*, 2019 WL 5580969, at *3 (C.D. Cal. Sept. 18, 2019). While plaintiff never describes what relief he seeks in his complaint (ECF 1 at 7), he alludes to his liberty interests being affected by "the revocation of credits, privileges, and positive custody points." (ECF 1 at 8). So if the remedy plaintiff seeks here is restoration of any credits that, if restored, would effectively shorten the length of his sentence, the court has no jurisdiction to provide such relief under § 1983. *See Nettles v. Grounds*, 830 F.3d 922, 927, 934 (9th Cir. 2016) (en banc).

    2.    None of plaintiff's claims has been administratively exhausted as required by the Prison Litigation Reform Act (PLRA). The PLRA mandates that inmates exhaust available administrative remedies before suing under § 1983. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002). At the time of the disciplinary proceedings here, plaintiff had to complete at least two levels of administrative review to exhaust a grievance. *See* Cal. Code Regs. tit. 15, §§ 3482–3485. But plaintiff admits that he has not even begun that process. (ECF 1 at 6). And there is no judicially enforceable futility exception to the PLRA's mandatory administrative exhaustion requirement. *See Ross v. Blake*, 578 U.S. 632, 641 (2016); *Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 895 (9th Cir. 2021). Thus, plaintiff's complaint may be dismissed for lack of exhaustion. *See Lira v. Herrera*, 427 F.3d 1164, 1170–71 (9th Cir. 2005).

    3.    Neither defendant may be sued in his official capacity. A "suit against a state official in his or her official capacity" is essentially "a suit against the State itself." *Will v. Mich. Dep't State Police*, 491 U.S. 58, 71 (1989). But California and its agencies are immune from suit under the Eleventh Amendment. *See Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472–74 (1987); *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009). Thus, even if plaintiff could proceed under § 1983, his official-capacity claims would be summarily dismissed. *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016).

    4.    To the extent plaintiff lost time credits due to his disciplinary proceedings, his Eighth and Fourteenth Amendment claims for damages are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff cannot recover monetary damages in that circumstance if a ruling in his favor would necessarily imply the invalidity of the disciplinary sanction that effectively lengthened his time in prison. *See Wilkinson v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:24-cv-00601-MCS (SK)                                        Date: April 25, 2024

Title   Derrick Lamar Hairston v. M. Lopez et al.

*Dotson*, 544 U.S. 74, 81–82 (2005); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Nettles v. Grounds*, 830 F.3d at 928–29; *Garrett v. Gastello*, 2020 WL 8174628, at *3 (C.D. Cal. Nov. 12, 2020). So, unless his disciplinary proceeding "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," plaintiff cannot recover damages under the Eighth of Fourteenth Amendments for any claimed injuries stemming from that proceeding. *Heck*, 512 U.S. at 486–87.

     5.    If plaintiff believes he suffered injuries from his disciplinary proceedings other than the loss of time credits, he has alleged no facts entitling him to relief under the Eighth or Fourteenth Amendments. To state a federal due process claim in that circumstance, plaintiff must allege facts plausibly showing he suffered some "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483, 487 (1995). He has not done so here, subjecting this claim to dismissal for failure to state a claim on which relief may be granted. *See*, *e.g.*, *Woods v. Samuel*, 2022 WL 3012186, at *5 (C.D. Cal. Mar. 21, 2022). And to state a cruel and unusual punishment claim from disciplinary proceedings, plaintiff must allege facts plausibly showing a "sufficiently serious" harm that deprived him of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). But he has alleged no such facts here, rendering this claim, too, subject to dismissal. *See*, *e.g.*, *Rogers v. Bilderback*, 2020 WL 3874873, at *5 (C.D. Cal. Mar. 11, 2020). In any event, plaintiff can recover no monetary damages for either of these claims if he is seeking relief for purely mental or emotional distresses "without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

* * * * * * * * *

     For all these reasons, plaintiff is ORDERED TO SHOW CAUSE by no later than **May 24, 2024** why his complaint should not be dismissed. Plaintiff may discharge this order by voluntarily dismissing this action (in whole or in part) using the attached form CV-09. Alternatively, plaintiff may file an amended complaint curing (if he can) the deficiencies outlined in this order. But if Plaintiff files no amended complaint, no notice

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:24-cv-00601-MCS (SK)                                    Date: April 25, 2024

Title   Derrick Lamar Hairston v. M. Lopez et al.

of voluntary dismissal, or no written response to this order by **May 24, 2024**, this action may be dismissed involuntarily for failure to prosecute and obey court orders with no further notice.  *See* Fed. R. Civ. P. 41(b); L.R. 41-1.