UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK LAMAR HAIRSTON,<br><br>            Plaintiff,<br><br>   v.<br><br>M. LOPEZ et al.,<br><br>            Defendants. | CASE NO. 5:24-cv-00601-MCS (SK)<br><br>**ORDER DISMISSING ACTION FOR LACK OF PROSECUTION** |

    Plaintiff Derrick Hairston is a California state prisoner suing two correctional officers under 42 U.S.C. § 1983 for allegedly violating his constitutional rights during prison disciplinary proceedings. (ECF 1 at 3–4, 8–9). But because his complaint contained numerous pleading deficiencies, plaintiff was ordered to show cause by May 2024 why the deficient complaint should not be dismissed under 28 U.S.C. § 1915A. (ECF 9). That order granted plaintiff leave to file an amended complaint fixing any curable pleading deficiencies. (*Id.* at 3). It also warned plaintiff, however, that failure to file an amended complaint or otherwise respond to the order may lead to involuntary dismissal of this action for lack of prosecution. (*Id.* at 3–4). Yet, as of this order, plaintiff has filed no response to the court's order to show cause. The court thus orders this action dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

    In ordering that dismissal, the court has considered: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Carey v.*

*King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam). All these factors support dismissal here.

First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Second, unprosecuted actions consume time that the court could otherwise devote to its heavy docket of cases. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Third, a rebuttable presumption of prejudice to defendants arises when plaintiff delays prosecution of his complaint. *See In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). Fourth, while public policy favors disposition on the merits, it remains plaintiff's responsibility to move the case toward such a disposition. *See Allen v. Bayer Corp. (In re Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1228 (9th Cir. 2006). Fifth and finally, no sanctions short of dismissal are feasible. The court already warned plaintiff of the potential adverse consequences, including involuntary dismissal, for failure to prosecute. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992). It also gave plaintiff the chance to amend his complaint (if possible) given his status as a pro se prisoner. And given that he is proceeding in forma pauperis, it would be both impractical and unjust to impose monetary sanctions on plaintiff for lack of prosecution. *See Stuart v. Hughes*, 2014 WL 1364927, at *3 (C.D. Cal. Apr. 4, 2014). Meanwhile, the court has received no notice of undeliverable mail or address change to suggest plaintiff may not have received the court's orders, including the show-cause order requiring his response by May 2024.

/ / /

/ / /

For all these reasons, the complaint is ordered DISMISSED for lack of prosecution. Judgment dismissing this action without prejudice will be entered accordingly.

IT IS SO ORDERED.

DATED: July 9, 2024

MARK C. SCARSI
United States District Judge

PRESENTED BY:

STEVE KIM
United States Magistrate Judge